Cheryl **LEWIS**, Plaintiff—Appellant,

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION,** Defendant–Appellee.

No. 06–35675.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 27, 2008.

Filed Sept. 16, 2008.

Tim Wilborn, Wilborn Law Office, PC, Oregon City, OR, Betsy Stephens, Esquire, Albuquerque, NM, for Plaintiffs–Appellants.

Neil J. Evans, Esquire, Office of the U.S. Attorney, Portland, OR, Leisa Wolf, Esquire, David J. Burdett, Esquire, Social Security Administration Office of the General Counsel, Seattle, WA, for Defendants–Appellees.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM *

Cheryl Lewis appeals from the order of the district court affirming the Social Security Commissioner's denial of her application for benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

■ Medical source statements from Lewis's examining and treating physicians would have materially assisted the Administrative Law Judge (ALJ) in determining Lewis's ability to perform work-related activities on a sustained basis. Accordingly, the ALJ erred and failed to fulfill his duty to fully and fairly develop the record when he failed to request those statements.[1] See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir.2001) ("The ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'") (citation omitted); 20 C.F.R. § 404.1513(b)(6) (requiring ALJ to request, from the claimant's physicians, "medical source statement[s] about what [the claimant] can still do despite [his or her] impairment(s).") see also SSR 96–5p, 1996 WL 374183, *4 (July 2, 1996) (defining medical source statements).

■ The hypothetical posed to the Vocational Expert (VE) and relied on by the ALJ in finding Lewis not disabled was legally inadequate. The ALJ found Lewis's migraine headaches to be "severe," which required a finding that Lewis's migraine headaches significantly limited her physical or mental ability to do basic work activity. See 20 C.F.R. § 404.1521(a); see also SSR 96–8p, 1996 WL 374184, *2 (July 2, 1996) (noting that a severe impairment has more than a minimal effect on a claimant's ability to do basic work activities). The ALJ failed to include limitations reflecting the severity of the migraine headaches in Lewis's residual functional capacity (RFC) assessment and in the hypothetical posed to the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Commissioner of Social Security does not dispute that the ALJ failed to request medical source statements from Lewis's treating and examining physicians.

VE upon which the ALJ relied. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir.2006) (holding that hypothetical to a VE based on an incomplete set of limitations is legally inadequate).

■ Finally, the ALJ's reason for rejecting the opinion of treating physician Dr. Rex is neither legitimate nor supported by substantial evidence. The ALJ rejected Dr. Rex's opinion that Lewis was disabled on the sole ground that Dr. Rex failed to support the opinion with objective medical evidence such as treatment records. However, the record establishes that Dr. Rex did supply treatment records supporting his opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995) (holding that an ALJ may not reject the controverted opinion of a treating physician unless he provides " 'specific and legitimate reasons' supported by substantial evidence in the record for so doing").

We have considered and reject all other claims raised by Lewis. We reverse and remand with instructions to remand to the Commissioner of Social Security for further administrative proceedings consistent with this memorandum disposition.

**REVERSED AND REMANDED.**